**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| DISCOVER FINANCIAL SERVICES LLC, ) <br> an Illinois limited liability company; and ) <br> DISCOVER BANK, a Delaware chartered bank, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NATIONAL UNION FIRE INSURANCE ) <br> COMPANY OF PITTSBURG, PA, a ) <br> Pennsylvania corporation, ) <br> ) <br> Defendant. ) | Case No.: 06 C 4359 <br><br> **PLAINTIFFS DEMAND TRIAL BY JURY** <br><br> Judge Rebecca R. Pallmeyer <br><br> Magistrate Judge Valdez |

**FIRST AMENDED COMPLAINT FOR DECLARATORY
JUDGMENT AND BREACH OF CONTRACT**

Plaintiffs DISCOVER FINANCIAL SERVICES LLC, f/k/a DISCOVER FINANCIAL SERVICES, INC., and DISCOVER BANK (collectively, "Discover"), by their attorneys, complain of Defendant NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA ("National Union") and state as follows:

**NATURE OF ACTION**

1. This is an action by Discover, as an insured under a National Union insurance policy, against National Union for declaratory judgment and breach of contract. A controversy exists between Discover and National Union over whether National Union has a duty to defend Discover in a lawsuit styled as *Ronald A. Katz Technology Licensing, L.P. v. Citibank N.A., et al.,* currently pending in the United States District Court for the Eastern District of Texas, Case No. 505-CV-00142 (the "RAKTL Action"). The RAKTL Action alleges, among other things, that Discover's use of its automated phone systems infringe various RAKTL patents, some of

which, according to RAKTL, cover patented advertising ideas or a patented style of doing business. Consequently, the RAKTL Action triggers "advertising injury" coverage under the National Union Policy and requires National Union to defend Discover. National Union's continued refusal to do so constitutes an abandonment of Discover and has left Discover to fend for itself in the RAKTL Action. Discover, therefore, seeks a declaratory judgment that National Union is required to defend Discover in the RAKTL Action. Discover also seeks damages for National Union's breach of its contractual agreement to defend Discover in the RAKTL Action.

## JURISDICTION AND VENUE

2. Plaintiff DISCOVER FINANCIAL SERVICES LLC is a limited liability company with its sole member being Novus Credit Services, Inc. Novus is a Delaware corporation with its principal place of business in Riverwoods, Illinois, which is located within the Northern District of Illinois.

3. Plaintiff DISCOVER BANK is a Delaware chartered bank with its principal place of business in Greenwood, Delaware.

4. Defendant NATIONAL UNION INSURANCE COMPANY OF PITTSBURGH, PA is a Pennsylvania corporation with its principal place of business in New York, New York.

5. This is an action for breach of contract and declaratory relief pursuant to 28 U.S.C. § 2201. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that complete diversity exists between the parties, and the amount in controversy exceeds the sum of $75,000 exclusive of interest.

6. This Court has personal jurisdiction over National Union because National Union actively sells insurance policies in the State of Illinois, including the Northern District, and is licensed to do business by the State of Illinois.

7.      Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1391(a) and (c) in that Discover Financial Services LLC resides in the Northern District, the insured risk is substantially in the Northern District of Illinois, and substantial parts of the events giving rise to this claim occurred within this judicial district, including Discover's advertising systems, which are primarily located in and controlled from Riverwoods, Illinois. The "advertising injury" coverage at issue looks to the location from which the advertising conduct of the insured emanates.

## FACTS
### National Union's Umbrella Insurance Policy

8.      National Union issued its policy No. BE 357-88-80 as a renewal of BE 357-12-60, effective October 1, 1998, through October 1, 2001, and extended by endorsement through October 1, 2002 (the "Policy"). A true and correct copy of the Policy is attached hereto as Exhibit A.

9.      Under the Policy, Morgan Stanley Dean Witter & Co. is the named insured, with coverage extended to Discover as a wholly owned subsidiary of Morgan Stanley. *See* Ex. A, § IV(E)(1)(a).

10.     The Policy provides, *inter alia,* the following coverage for "advertising injury" claims:

**Insuring Agreements**

**1.     Coverage.**

We will pay on behalf of the **Insured** those sums in excess of the Retained Limit that the Insured becomes legally obligated to pay by reason of liability imposed by law or assumed by the **Insured** under an **Insured Contract** because of . . . **Advertising Injury** that takes place during the Policy Period and is caused by an **occurrence** happening anywhere in the world. The amount we

will pay for damages is limited as described in Insuring Agreement III, Limits of Insurance.
. . . .

**II.    Defense.**

**A.**    We shall have the right and duty to defend any claim or **suit** seeking damages covered by the terms and conditions of this policy when . . . (2) damages are sought for . . . **Advertising Injury** covered by this policy but not covered by any underlying insurance listed in the Schedule of Underlying Insurance or any other underlying insurance providing coverage to the **Insured**.

**B.**    When we assume the defense of any claim or suit: (1) we will defend any suit against the **Insured** seeking damages on account of . . . **Advertising Injury** even if such suit is groundless, false or fraudulent, but we have the right to investigate, defend and settle a claim as we deem expedient.
. . . .

**IV.    Definitions.**

**A.**    **Advertising Injury** means injury arising solely out of your advertising activities as a result of one or more of the following offenses: . . . (3) **misappropriation of advertising ideas** or **style of doing business** . . . .
. . . .

**H.**    **Occurrence** means: . . . (3) as respects **advertising injury**, an offense committed in the course of advertising your goods, products or services that results in **Advertising Injury**.

Ex. A, at pp. 1, 3, and 5.

### Background Regarding The Underlying RAKTL Action

11.    On July 19, 2005, RAKTL served the original complaint in the RAKTL Action on Discover. A true and correct copy of the original complaint is attached as Exhibit B.

12.    On December 16, 2005, RAKTL filed and served the First Amended Complaint in the RAKTL Action (the "RAKTL Amended Complaint"). A true and correct copy of the Amended Complaint is attached as Exhibit C. The RAKTL Amended Complaint alleges, in pertinent part, that Plaintiff Katz Technology Licensing is the sole holder of the entire right, title,

4

and interest in the following United States patents: No. 4,792,968 (entitled "Statistical Analysis System For Use With Public Communication Facility"); No. 4,930,150 (entitled "Telephonic Interface Control System"); No. 5,128,984 (entitled "Telephone Interface Call Processing System With Call Selectivity"); No. 5,351,285 (entitled "Multiple Format Telephonic Interface Control System"); No. 5,684,863 (entitled "Telephonic-Interface Statistical Analysis System"); No. 5,815,551 (entitled "Telephonic-Interface Statistical Analysis System"); No. 5,828,734 (entitled "Telephone Interface Call Processing System With Call Selectivity"); No. 5,898,762 (entitled "Telephonic-Interface Statistical Analysis System"); No. 5,917,893 (entitled "Multiple Format Telephonic Interface Control System"); No. 5,974,120 (entitled "Telephone Interface Call Processing System With Call Selectivity"); No. 6,148,065 (entitled "Telephonic-Interface Statistical Analysis System"); No. 6,335,965 (entitled "Voice-Data Telephonic Interface Control System"); No. 6,349,134 (entitled "Telephonic-Interface Statistical Analysis System"); No. 6,434,223 (entitled "Telephone Interface Call Processing System With Call Selectivity"); and No. 6,678,360 (entitled "Telephonic-Interface Statistical Analysis System") (hereinafter the "Patents In Suit"; Ex. C, ¶ 66).

13. The RAKTL Amended Complaint further alleges, in pertinent part, that the "Discover Defendants operate telephone systems, including without limitation the Discover and Discover Card automated customer service systems, that allow their customers to perform banking, credit card, and *other function*s over the telephone." (Id., ¶ 67, emphasis added). Discover has admitted that it operates automated telephonic systems, including the Discover Bank and Discover Card automated customer services systems. Discover further does not deny that its accused automated customer services systems perform "other functions," such as

5

advertising and/or promoting Discover goods and services that customers can purchase (or obtain by redeeming credits) via its accused automated customer service systems.

14. The RAKTL Amended Complaint further alleges that Discover's automated customer service systems infringe the Patents In Suit. (Id., ¶ 68). One or more of the Patents In Suit claim the invention of an "advertising activity" or "style of business" as those terms are used in the insurance policy National Union issued to Discover. For example:

a. Claim 219 of Patent No. 5,828,734 ("'734 Patent") purports to cover "[a] telephone interface system … wherein said select interactive operating format involves *advertising of a product for sale*" (emphasis added);

b. Claim 72 of Patent No. 5,684,863 ("'863 Patent") purports to cover "[a] process … wherein said specific operating format is an automated *promotional format* associated with said specific operating format" (emphasis added);

c. Claim 74 of the '863 Patent purports to cover "[a] process … wherein said participation numbers are associated with an automated *promotion of said products*" (emphasis added);

d. Claim 86 of the '863 Patent purports to cover "[a] process according to claim 85, wherein said participation numbers are associated with an automated *promotion of said products*" (emphasis added);

e. Claim 89 of the '863 Patent purports to cover "[a] process . . . wherein said process is for *automating a promotion*" (emphasis added);

f. Claim 118 of the '863 Patent purports to cover "[a] process . . . including the steps of . . . receiving said call data signals . . . dialed by said individual callers to select a specific operating format from a plurality of operating formats or said operations of said

6

interface wherein at least one of said plurality of operating formats includes an automated *promotional format for promoting said products*" (emphasis added).

      g.      Claim 33 of Patent No. 6,335,965 ("'965 Patent") purports to cover "[a] method … wherein the order transaction relates to a *mail order*." The specification to the '965 Patent explains that an illustrative embodiment of the claimed invention is "a mail-order operation" where "merchandise" and "service may be specified and ordered. … In other exemplary formats, the system may function for public polls, lotteries, auctions, promotions and games." The specification further explains that as an example of the claimed invention, "customers are provided with a 'special' catalog from which a single order may be placed for each telephone terminal."

## **National Union's Duty To Defend**

    15.    The Policy requires that National Union defend Discover where a claim or suit against Discover alleges facts potentially constituting an advertising injury that arises solely out of Discover's advertising activities, provided that such advertising activities allegedly involve the misappropriation of another's advertising ideas or style of doing business, and provided further that the advertising injury is not covered by any underlying insurance.

    16.    Here, one or more of the Patents In Suit reflect a claimed advertising idea or style of doing business. Moreover, the RAKTL Amended Complaint alleges that Discover, through its automated customer service systems, has misappropriated (*i.e.*, unlawfully infringed) one or more of these patented ideas or styles. The RAKTL Amended Complaint further alleges facts that constitute advertising injury to RAKTL because at least some of the Patents In Suit can be infringed only by advertising activity. It is apparent, therefore, from the RAKTL Amended Complaint, and from RAKTL's discovery requests and discovery responses propounded in the RAKTL Action, that RAKTL contends that Discover's automated customer service systems

7

infringe various Patents In Suit because such systems advertise Discover products and services via the automated customer service systems.

17. The alleged advertising injury is not covered by any underlying insurance available to Discover.

18. Under the foregoing circumstances, National Union has a duty to defend and to indemnify Discover in the RAKTL Action.

## National Union's Breach Of Its Duty

19. On October 28, 2005, Discover provided National Union notice of the RAKTL Action and requested that National Union defend and indemnify the RAKTL Action. Discover's primary insurers, Federal Insurance Company and Liberty Mutual Insurance Company, declined to defend Discover.

20. National Union failed to respond to Discover's October 28, 2005, notice of the RAKTL Action. Abandoned by National Union, Discover had to defend itself in the RAKTL Action.

21. On May 1, 2006, Discover wrote National Union again to advise National Union that the Court in the RAKTL Action had ordered a settlement mediation conference on May 10, 2006. Discover requested that National Union participate in the settlement mediation conference and meet with Discover to explain National Union's apparent refusal to defend and indemnify Discover. National Union initially refused to meet with Discover, but relented only after Discover's management expressed outrage at National Union's conduct.

22. On May 4, 2006, Discover met with National Union to discuss the RAKTL Action and to give National Union additional information and documents concerning the RAKTL Action, RAKTL's document discovery demand letter, RAKTL's allegedly infringed patents, and Discover's "call flow" diagrams illustrating which of its automated phone systems'

8

allegedly infringing functions involve advertising activities. Discover again asked National Union to defend Discover and to participate in the May 10, 2006, settlement mediation in the RATKL Action. National Union refused these requests. Consequently, Discover was forced to participate in the May 10, 2006, settlement mediation without its insurer National Union. The RAKTL Action did not settle at the settlement mediation.

23. On May 11, 2005, after waiting over six months for a written response to its October 28, 2005, coverage request, Discover received a letter from National Union denying its duty to defend and indemnify.

24. At Discover's urging, Discover met on May 24, 2006, with National Union's claims administrator – AIG Domestic Claims, Inc. ("AIG"). During the meeting, Discover asked AIG to reconsider its coverage position. On June 30, 2006, Discover received a letter from AIG, again declining to defend Discover against the RAKTL Action.

25. Discover has complied with all of its obligations under the Policy.

## COUNT I
## DECLARATORY JUDGMENT

26. Discover incorporates by this reference each and every allegation set forth in the preceding paragraphs of this Complaint as though fully realleged here.

27. An actual controversy exists between the parties. This Court has jurisdiction to enter a declaratory judgment concerning the respective rights and duties of the parties.

28. National Union breached its duty to defend Discover in the RAKTL Action. Moreover, despite Discover's requests for a defense, National Union abandoned Discover by failing to meaningfully respond to Discover's requests.

29. It is necessary and proper under the circumstances alleged herein that this Court adjudicate and declare that National Union: (a) had and has a duty to defend Discover under the

9

Policy for all claims asserted in the RAKTL Action; (b) had and has breached its duty to defend Discover in the RAKTL Action; (c) had and has a duty to pay for Discover's retained counsel, which has been defending Discover against the claims made by RAKTL; and (d) is estopped from asserting any defenses to Discover's claim that National Union is obligated to defend and indemnify Discover in the RAKTL Action.

WHEREFORE, Discover respectfully requests that this Court enter a declaration that:

(1)     National Union had and has a duty to defend Discover under the Policy for all claims asserted in the RAKTL Action;

(2)     National Union has breached its duty to defend Discover in the RAKTL Action;

(3)     National Union is estopped from asserting policy defenses to defending and indemnifying the RAKTL Action;

(4)     National Union had and has a duty to pay for Discover's retained counsel, which has been defending Discover against the claims made by RAKTL; and

(5)     grant such other and further relief as the Court deems proper under the evidence and circumstances.

## COUNT II
## BREACH OF CONTRACT

30.     Discover incorporates by this reference each and every allegation set forth in the preceding paragraphs of this Complaint as though fully realleged here.

31.     National Union owed Discover a duty of defense in the RAKTL Action under the Policy.

32.     National Union breached its duty to defend Discover in the RAKTL Action.

33. As a direct and proximate result of the breach of contract by National Union, Discover has suffered and continues to suffer damages in the form of defense costs and other related expenses.

WHEREFORE, Discover respectfully requests that this Court:

(1) enter judgment for Discover and against National Union in an amount of compensatory damages proximately caused by National Union's breach of contract;

(2) award Discover prejudgment interest and attorneys fees pursuant to Illinois statute; and

(3) grant such other and further relief as the Court deems proper under the evidence and circumstances.


DATED: October 5, 2006

                                        **DISCOVER FINANCIAL SERVICES LLC and DISCOVER BANK**


                                        By: <u>s/Kimball R. Anderson</u>
                                              One of Their Attorneys


Kimball R. Anderson
Samuel Mendenhall
Giel Stein
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
(312) 558-5600

11

## CERTIFICATE OF SERVICE

      I hereby certify that on October 5, 2006, I electronically filed Discover Financial Services LLC's and Discover Bank's First Amended Complaint For Declaratory Judgment And Breach Of Contract with the clerk of the court by using the CM/ECF system, and that I will serve a copy via process server upon:

> National Union Fire Insurance Company of Pittsburg, PA
> c/o Director of Insurance, State of Illinois
> 100 West Randolph Street
> Room 301 - 9th Floor
> Chicago, Illinois 60601

                                                    <u>s/Samuel Mendenhall</u>